IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| A/R RECOVERY, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COLUMBIA ULTIMATE, INC., )<br>)<br>Defendant. ) | Case No. 06-0147-CV-W-ODS |

## ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO TRANSFER AND DENYING DEFENDANT'S MOTION TO DISMISS

Plaintiff filed suit against Defendant in Missouri state court, alleging claims of fraud and negligence. These claims arise from a licensing agreement between the parties; the licensing agreement contains the following provision:

> This Agreement will be governed by and construed in accordance with the laws of the State of Washington. If any suit or action is filed by any party to enforce this Agreement or otherwise with respect to the subject matter of this Agreement, venue will be exclusively in the federal or state courts in Vancouver, Washington.

Defendant removed the case to federal court, then sought dismissal or transfer based on the forum selection clause (Doc. # 2).

Plaintiff does not dispute that its suit is one "respect[ing] . . . the subject matter of" the Agreement, but contends its fraud claim removes the need to abide by the forum selection clause. Plaintiff reasons that if it was fraudulently induced to enter the Agreement, then it is not obligated to abide by any of its provisions. Plaintiff's argument has been rejected by the Eighth Circuit, which has held that a general allegation of fraud will not obviate the effect of a forum selection clause. Plaintiff's argument would carry some weight if it contended the forum selection clause was the product of fraud, but that is not the case here. Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001). Plaintiff's second argument – that Missouri's public policy

prohibits forum selection clauses – is also defeated by <u>Marano Enterprises</u> because that case involved the application of Missouri law.

     Rather than dismiss the case, the Court believes the prudent course is to transfer the case to the appropriate forum. Therefore, this case is transferred to the United States District Court for the Western District of Washington.

IT IS SO ORDERED.

DATE: April 13, 2006

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT